## J. WILL HUNSAKER

*v.*

## STATE OF ILLINOIS.

*Opinion filed January 17, 1922.*

RESPONDEAT SUPERIOR—*doctrine not applicable to State.* The State is not liable for injuries received by its employees, unless made so by statutory provision.

REIMBURSEMENT—*State not liable for medical services and expenses, etc.* Nor is the State liable for medical services and expenses incurred, or for loss of time resulting from injuries received by its employees.

ACT OF SOCIAL JUSTICE—While no legal liability may exist against the State the Court may as an act of social justice recommend to the Legislature an allowance to claimant.

Edward J. Brundage, Attorney General, for State.

These two cases will be considered together, as they are between the same parties, and grow out of the same accident.

This claimant, on December 29th, 1920, was in the employ of the State of Illinois, under the Department of Public Works and Buildings as a millwright, assisting to install a heavy piece of machinery in connection with a limestone crusher, at the penitentiary at Chester. In attempting to avoid being struck by said piece of machinery which by accident had fallen while being raised into position, claimant jumped some twelve (12) feet to the ground into a concrete pit, injuring his left foot. The evidence shows that his ankle was dislocated and a bone in the instep was broken or fractured. Claimant claims a permanent and complete loss of the use of his said foot, and his claim in this respect is to some extent supported by the medical testimony.

Claimant has made two claims. Case Number 23 is an action brought for thirteen hundred and twenty-four dollars ($1,324.00) for money paid out for medical services and expenses, and for loss of time while recovering from the injuries, and case Number 24 is for damages for permanent injuries resulting from the accident, amounting to thirty-six hundred and fifty dollars ($3,650.00).

The Attorney General has filed a demurrer to the declaration in both of these cases, setting up that the State is not liable to claimant for the reason that the doctrine of *respondeat superior* is no applicable to the State, and in the absence of Statute, the State is not liable for the torts of its officers, agents or employees, and is not liable for injuries to those in its employ.

These doctrines have been upheld in many previous decisions of this Court and it is not necessary to cite any authorities in support thereof.

The claims are therefore rejected, as under the law, the State is not liable to claimant.

However, regardless of legal liability, claimant has sustained injuries as a result of this accident, and the Court recommends to the Legislature an allowance to claimant, as an act of social justice, of the sum of two thousand dollars ($2,000.00).